Lee STOVALL, Plaintiff–Appellant,

v.

FIRST UNUM LIFE INSURANCE COMPANY, and Trustees of Healthcare Association of New York State Group Insurance Trust, Defendants–Appellees,

Long Island Jewish Medical Center, Defendant.

No. 01–7174.

United States Court of Appeals, Second Circuit.

Oct. 3, 2001.

Harry J. Binder, Binder & Binder, LLP Hauppauge, NY, for plaintiff-appellant.

Louis M. Lagalante, Gallagher, Harnett & Lagalante LLP, New York, NY, for defendants-appellees.

Present McLAUGHLIN, POOLER, Circuit Judges, and SAND, District Judge.*

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Lee Stovall appeals from the January 31, 2001, amended and final judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *J.*) granting summary judgment to defendants-appellees First Unum and HANYS in this lawsuit under the Employee Retirement Income Security Act ("ERISA"). The district court's summary judgment decision is contained in a Memorandum and Order dated

March 31, 1998. Plaintiff has reached settlement with defendants Arista Insurance Company and Long Island Jewish Medical Center ("LIJ"), which are not parties to this appeal. LIJ offers welfare benefits to its employees as a member of HANYS, which purchases, among other things, long term disability insurance from First Unum.

Stovall worked at LIJ as director of its medical records department from September 1991 until LIJ fired him on April 3, 1992. When Stovall began employment, he declined to elect long term disability coverage from his employer's benefits plan. Stovall claims that he meant to elect the coverage and that LIJ erred in processing the form that he submitted to that effect in December 1991. Plaintiff also claims that when he brought the error to the attention of his employer, it did not add the coverage. On March 15, 1992, Stovall learned that his ex-wife lost dental benefits for her two sons, who also are Stovall's dependents. Stovall notified LIJ of this fact, which qualifies as a "life event" under applicable insurance policies, by memorandum dated March 30, 1992. On April 3, 1992, the same day LIJ fired him, Stovall submitted an insurance election form that not only added dental insurance coverage for his dependents but also added or increased coverage for medical care, prescription drugs and vision care, life insurance, short term disability and long term disability. LIJ processed the claim and deducted premiums from Stovall's final paycheck but later refunded the premiums, claiming that the elections were improper to the extent that they had no bearing on the children's dental insurance.

On May 14, 1992, Stovall filed a claim with his former employer for disability benefits, claiming that he suffered from the disabling mental conditions of major depression, post traumatic stress disorder and generalized anxiety disorder. Plaintiff claims that his supervisor harassed him and triggered the mental conditions. LIJ denied Stovall's claim. Stovall pursued unsuccessful administrative appeals. On August 10, 1995, Stovall filed a complaint in federal district court to recover, among other things, long term disability benefits. The parties conducted discovery, and on March 31, 1998, the district court granted partial summary judgment to defendants. Specifically, the district court held that with regard to his claims against LIJ, Stovall failed to raise an issue of fact to defeat LIJ's claim that undisputed facts show that Stovall (1) was not properly enrolled in the insurance plan; (2) was not entitled to estoppel; or (3) was not the subject of a wrongful termination, but the district court did not dismiss Stovall's claim that LIJ unreasonably delayed in supplying him with plan documents. With respect to the remaining defendants, Judge Hurley held that "[s]ince Plaintiff never properly enrolled in the LIJ Plan of which these policies are part, Plaintiff has no claim against these Defendants." As a result of various settlements and stipulations, the only remaining defendants are HANYS and First Unum, although plaintiff raised no argument specifically concerning HANYS on this appeal. Stovall appeals the district court's grant of summary judgment, which we review de novo. *Kalwasinski v. Morse,* 201 F.3d 103, 105 (2d Cir.1999).

On appeal, Stovall contends that equitable or promissory estoppel prevents First Unum from denying him long term disability insurance coverage. Specifically, plaintiff contends that he applied two times for the insurance coverage, in December 1991 when LIJ failed to process the request, and when he experienced a life event in March 1992 and LIJ initially accepted the request and effectively waived the policy's requirement that elections be consistent with the triggering life event. Stovall argues that he meets the elements of estop-

pel because LIJ misrepresented that plaintiff had long term disability coverage when it accepted and confirmed his application in March 1992 and deducted premiums, and plaintiff states that he reasonably relied on this misrepresentation to his detriment.

■ There is no dispute that equitable and promissory estoppel are valid legal theories of recovery in the ERISA context. *See Lee v. Burkhart,* 991 F.2d 1004, 1008 (2d Cir.1993). The elements of equitable estoppel are "(1) material representation, (2) reliance and (3) damage." *Id.* at 1009. The elements of promissory estoppel are "(1) a promise, (2) reliance on the promise, (3) injury caused by the reliance, and (4) an injustice if the promise is not enforced." *Aramony v. United Way Replacement Benefit Plan,* 191 F.3d 140, 151 (2d Cir. 1999) (citation omitted). Both theories require that plaintiff demonstrate the existence of extraordinary circumstances, such as an intentional inducement that goes beyond the concept of reasonable reliance. *See Devlin v. Transportation Communications Int'l Union,* 173 F.3d 94, 102 (2d Cir.1999) (discussing promissory estoppel); *see also Lee,* 991 F.2d at 1009 (discussing equitable estoppel).

■ Stovall raises absolutely no issue of fact that the conduct of First Unum requires application of estoppel. The representations or promises upon which Stovall relies concern his employer, LIJ, not the insurer, First Unum. Stovall cannot invoke estoppel against a party that made no representations or promises. *See American Fed'n of Grain Millers v. International Multifoods Corp.,* 116 F.3d 976, 984 (2d Cir.1997); *see also Strom v. Goldman, Sachs & Co.,* 202 F.3d 138, 142–43 (2d Cir.1999) (holding that insurer is not liable for nonperformance of administrator "simply because their roles were related"). Stovall also failed to allege extraordinary circumstances in support of an estoppel claim against First Unum. Furthermore, we agree with the district court that Stovall raised no issue of fact against LIJ regarding estoppel.

We have considered all of plaintiff-appellant's remaining arguments and find them to be without merit. Because we reject Stovall's estoppel theory, we do not reach First Unum's alternative arguments regarding plaintiff's (1) failure to properly enroll in the long term disability plan; (2) provision of late notice and proof of claim; (3) lack of insurance coverage because he was fired on the same day that he alleges coverage became effective; and (4) lack of disability because he worked up to and including the day he was fired.